UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

10-ACIOUS, INC.                                                                                           PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:11CV-395-S

GREEN HILLS VENTURES, LLC, et al.                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This action arose from an unconsummated venture capital deal in which 10-Acious, Inc., a self-styled digital greeting card company, alleges it was defrauded. The matter is presently before the court on motion of the defendants, Green Hills Ventures, LLC, GHV Fund, LP, and Emanuel Martinez (herein collectively, "GHV"), to dismiss the action for lack of personal jurisdiction.

The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Bird v. Parsons*, 293 F.3d 865, 871 (6th Cir. 2002). Where no evidentiary hearing is held, "the plaintiff need only make a *prima facie* showing of jurisdiction. In this situation, we will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the fact in a light most favorable to the nonmoving party." *Bird*, 289 F.3d at 871 (citations omitted).

The Amended Complaint alleges that the court has jurisdiction and venue pursuant to Section 27 of the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. § 78aa. Am.Compl. ¶6. 15 U.S.C. § 78aa provides, in pertinent part, that

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the

> defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

With respect to the court's jurisdiction over the defendants, the United States Court of Appeals for the Sixth Circuit noted that

> In *Haile v. Henderson Nat'l Bank*, 657 F.2d 816 (6th Cir.1981), *cert. denied*, 455 U.S. 949, 102 S.Ct. 1450, 71 L.Ed.2d 663 (1982), this court considered whether a district court possessed personal jurisdiction over a similar nationwide service of process statute, 28 U.S.C. § 1692. It held:
>
>> In an action where service of process is effected pursuant to a federal statute which provides for nationwide service of process, the strictures of *International Shoe [ Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ] do not apply.
>
> ....
>
>> The process authorized by § 1692 is not "extra-territorial" but rather nationwide.... As such, the minimum contacts analysis, as a limitation on state extra-territorial power, is simply inapposite.
>
> *Id.* at 824, 826.
>
> The Ninth Circuit, in *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir.1985), *rev'd on other grounds, Holmes v. Securities Investors Protection Corp.*, 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992), specifically addressed section 27 of the Exchange Act:
>
>> Where a federal statute such as Section 27 of the Act confers nationwide service of process, "the question becomes whether the party has sufficient contacts with the United States, not any particular state."
>
> (Citations omitted.)
>
> We...conclude that section 27 confers personal jurisdiction in any federal district court over any defendant with minimum contacts to the United States.

*United Liberty Life Insurance Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir. 1993);  *accord, Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1259 (5th Cir. 1994).  The Sixth Circuit further found in *United Liberty, supra.*, that "whether section 27 provides refuge to United Liberty depends upon whether it has adequately stated a claim under section 27."  This issue is not before the court.

GHV urges that 10-Acious has failed to state a claim for violation of the SEA.  GHV urges that 10-Acious' Amended Complaint states no more than that GHV failed to register as a dealer-broker, and that such a claim is not viable as against GHV on the particular facts underlying this case. This argument seeking to test the viability of the SEA claim was raised for the first time in GHV's reply brief.  Thus the issue is not fully joined and will not be considered.

10-Acious has moved to strike Green Hills' reply brief, in part, because of this newly-minted 12(b)(6) argument.  To the extent that 10-Acious seeks to strike this portion of the brief, the motion will be granted.  The remainder of the brief contains proper argument in reply.  Therefore, the motion to strike will be denied in all other respects.

In any event, on a challenge to personal jurisdiction, the court must construe the facts in a light most favorable to the non-movant.  Affording a fair reading of the entire Amended Complaint, 10-Acious alleges that GHV operated as a dealer-broker in its purportedly fraudulent dealings with 10-Acious, and that GHV was not registered to conduct such business as a dealer-broker with the SEC as required by the SEA.  Therefore we find that under the nationwide service of process provided by the SEA, this court has personal jurisdiction over GHV.  There is no question that the defendants meet the minimum contact requirements with the United States.

GHV suggests that a consent to jurisdiction in New York contained in a "Term Sheet" executed between 10-Acious and Green Hills Ventures, LLC in New York precludes jurisdiction here. The jurisdictional provision, by its own terms, applies only to controversy arising out of the interpretation, construction, performance, or breach of the Term Sheet. ¶ 10.4. Thus the provision would not govern in an action based on fraud in connection with the Draft Securities Purchase Agreement ("DSPA"). Further, the term does not provide for exclusive jurisdiction in the courts of New York.

GHV contends that even if the court has jurisdiction over the them, that venue in this district is improper. The parties agree that SEA claims may be brought in any district "wherein any act or transaction constituting the violation occurred," and that, for venue purposes, the "act" must be a material part of the alleged violation.

As explained in *Borg v. L & J Energy, Inc.*, No. 1:89-CV-1179, 1990 WL 122225 (W.D.Mich. May 25, 1990),

> Under Section 27 a suit brought alleging securities act violations "may be brought either (1) in the district wherein the defendant is found or is an inhabitant or transacts business, or (2) in the district wherein any act or transaction constituting the violation occurred." *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir.1985). Venue, which relates to the place where judicial authority may be exercised, is intended for the convenience of the litigants. *Still v. Rossville Crushed Stone Co.*, 370 F.2d 324, 325 (6th Cir.1966) (per curiam), cert. denied, 387 U.S. 918 (1967). The act or transaction in the proper district "need not have constituted the core of the alleged violation, nor even have been illegal, as long as it was more than an immaterial part of the alleged violation." *Kampenga v. Firestone Development Co.*, No. 1:89–CV–979, slip op. at 11 (W.D.Mich. Mar. 15, 1990) (quoting *Lefever v. Vickers*, 613 F.Supp. 352, 353 (D.C.Colo.1985)) (citations omitted). Sending mailings or making telephone communications which play a significant role in executing the allegedly fraudulent scheme is sufficient to render venue proper in such district. *Abeloff v. Barth*, 119 F.R.D. 315, 323 (D.Mass.1988). See also *Mariash v. Morrill*, 496 F.2d 1138, 1144 (2d Cir.1974) (non-party transfer agent located in district with sufficiently important role in timing of market manipulation scheme established proper venue in district); *Hooper v. Mountain*

> *States Securities Corp.*, 282 F.2d 195, 204–05 (5th Cir.1960) (use of interstate communication facilities within district to transmit fraudulent statement was of material importance to consummation of allegedly fraudulent scheme to establish proper venue), cert. denied, 365 U.S. 814 (1961); *DeMoss v. First Artists Production Co.*, 571 F.Supp. 409, 412 (N.D.Ohio 1983) (allegedly fraudulent proxy containing misrepresentations or omissions mailed to plaintiff's home in district established proper venue); *Carty v. Health–Chem Corp.*, 567 F.Supp. 1, 2 (E.D.Pa.1982) (annual and quarterly reports and prospectus containing alleged misrepresentations and omissions received in district and purchases effected in district established proper venue).

*Borg, supra.,* at *3. Taking the facts in the light most favorable to 10-Acious, we find that 10-Acious alleges sufficient contacts with Kentucky via e-mail and telephone that played a significant role in the execution of the alleged fraudulent scheme.

10-Acious alleges that its CEO, Chris Webb, "engaged in multiple email and telephonic communications with Green Hills and Emanuel Martinez and their representatives in connection with the [DSPA]." Webb Aff., ¶ 3. Webb states that

> The DSPA was effected when Green Hills emailed an executed copy of it to me at my office in Louisville, Kentucky on October 3, 2011...whereupon I countersigned it and emailed it back to Green Hills.
>
> 10-Acious paid Green Hills the $15,000 broker fee required under the DSPA by delivery of a check and payment thereon in mid-September 2009. The check was drawn on PNC Bank, Louisville, Kentucky.

We find the case of *Ritter v. Zuspan*, 451 F.Supp. 926 (E.D. Mich. 1978) upon which GHV relies to be distinguishable from the allegations at bar. Unlike the circumstances here, the court found that three of the four defendants had "never had occasion to visit, call or write anyone in the State of Michigan regarding the...transaction. The fourth...communicated...by phone or letter for the purpose of arranging accommodations and agreeing on appointment times for meetings or other non-material facets of the transaction." *Id.* at 927.

As 10-Acious alleges that Green Hills negotiated with Webb in Kentucky and that it e-mailed the DSPA, the document which is the centerpiece of the litigation, for execution in Kentucky, we find GHV's claim of improper venue to be without merit.

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

(1) The motion of the plaintiff, 10-Acious, Inc., to strike the reply brief of the defendants (DN 12) is **GRANTED to the extent that it seeks to strike that portion of the brief urging that the Amended Complaint fails to state a claim under the Securities Exchange Act of 1934, 15 U.S.C. § 78aa**; in all other respects the motion is **DENIED.**

(2) The motion of the defendants, Green Hills Ventures, LLC, GHV Fund, LP, and Emanuel Martinez, to dismiss the action for lack of personal jurisdiction and improper venue (DN 9) is **DENIED.**

**IT IS SO ORDERED.**

February 10, 2012

Charles R. Simpson III, Judge
United States District Court